MDL 1715

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 27 2006

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON

MULTIDISTRICT LITIGATION

In re:                                    :    MDL Docket No. 1715
                                          :    CAC 2:05-1426
AMERIQUEST FAIR CREDIT                    :
REPORTING ACT LITIGATION                  :
MORTGAGE LENDING                          :
PRACTICES LITIGATION                      :
                                          :
_____:

**PLAINTIFF'S MOTION TO VACATE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION'S CONDITIONAL TRANSFER AND MEMORANDUM IN SUPPORT**

**I.    Introduction**

On February 25, 2005, Plaintiff Raymond Quarterman, Jr., filed a putative class action against Ameriquest Capital Corporation and Ameriquest Mortgage Company (hereinafter "Ameriquest"), in the United States District Court in the Central District of California, Southern Division. Subsequent to the filing of Mr. Quarterman's action, the Judicial Panel on Multidistrict Litigation (hereinafter "Panel") transferred five civil actions against Ameriquest to the United States District Court for the Northern District of Illinois for coordinated or consolidated pretrial proceedings, pursuant to 28 U.S.C. § 1407. On February 27, 2006, the Panel filed a Conditional Transfer Order (hereinafter "Order") calling for the transfer of Mr. Quarterman's action from the Central District of California to the Northern District of Illinois. This Order is based upon the

OFFICIAL FILE COPY IMAGED MAR 2 7 2006

presumption that Mr. Quarterman's action shares common questions of fact with those actions previously transferred to the Northern District of Illinois. This, however, is not the case.

Raymond Quarterman filed his complaint on February 25, 2005, alleging that Ameriquest violated § 1681b and § 1681m(d) of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, et seq. ("FCRA"). Mr. Quarterman did not initiate a loan with Ameriquest, nor did the class of individuals he seeks to represent. Under § 1681b, the FCRA limits the purposes for which a person may use a consumer report to those deemed "permissible purposes." Under FCRA § 1681b(f), a person "shall not use or obtain a consumer report for any purpose unless - (1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section [§ 1681b]." The permissible purposes outlined in § 1681b typically arise in connection with consumer-initiated transactions.

One of the few circumstances in which the FCRA allows the use of a consumer report in the absence of a consumer-initiated transaction is when the recipient of the information undertakes to extend to the consumer a "firm offer of credit." *See* § 1681b(c)(1)(B). A "firm offer of credit" is one that will be honored if the consumer meets specific criteria used to select the consumer for such an offer. *See* § 1681a(I). Further, this firm offer of credit must be more than a mere advertisement or solicitation; it must have value to the customer. In the instant case, Ameriquest obtained numerous consumer reports on Mr. Quarterman and the members of the class without their consent or knowledge. Neither Mr. Quarterman nor the members of the class initiated any transactions with Ameriquest. Upon obtaining and reviewing their consumer reports, Ameriquest mailed Mr. Quarterman and each of the members of the class a standardized written solicitation, which failed to make a firm offer of credit. Essentially, this mailing was a sham solicitation as it did nothing more than urge Mr. Quarterman and each class member to call Ameriquest, stating "call us now." The solicitation failed to state the interest rate to be charged, or the method of interest computation or duration of the repayment period or the amount of the loan being offered. As a result, Ameriquest's solicitation did not contain or qualify as a "firm offer of credit" under the FRCA. Given these facts, Ameriquest's use of consumer reports was *not* for a permissible purpose, and therefore, was in violation of § 1681b.

Under § 1681m(d), the FCRA requires those consumer report users extending "firm offers of credit" to consumers to provide those consumers a "clear and conspicuous statement" disclosing (A) that information contained in the consumer's consumer report was used in connection with the transaction; (B) the offer is conditioned upon certain additional criteria; (C) the offer may not be extended if the consumer does not continue to meet those criteria or does not provide required collateral; and (D) the consumer has the right to prohibit the future use of his or her consumer report in connection with unsolicited firm offers of credit or insurance. In addition, this clear and conspicuous disclosure must provide the consumer with a toll-free number to call, should the consumer wish to prevent such promotional uses of his or her consumer report in the future. Ameriquest's solicitation failed to make these required disclosures in a "clear and conspicuous" manner. Rather, Ameriquest placed these disclosures in small print on the reverse side of the solicitation. The front side of the solicitation made no reference to the small print disclosures contained on the reverse side. Therefore, when Ameriquest obtained consumer reports for Mr. Quarterman and the members of the class he seeks to represent for the purpose of mailing a solicitation that failed to meet the requirements of a "firm offer of credit," the company violated FCRA § 1681b. Further, in failing to provide the required "clear and conspicuous" disclosures, Ameriquest also violated FCRA § 1681m(d).

## II.   Argument

Pursuant to 28 U.S.C. § 1407(a), the Judicial Panel on Multidistrict Litigation may transfer civil actions pending in different districts to any district for coordinated or consolidated pretrial proceedings when those actions involve one or more common questions of fact. When considering such a transfer, the Panel should take into consideration whether such a transfer would conserve the efforts and resources of the parties, their counsel, witnesses, and the judiciary. See *In re Rail Collision Near Chase*, 661 F. Supp. 69, 70 (J.P.M.L. 1987). As the *Quarterman* action shares no common questions of fact with the other actions transferred to the Northern District of Illinois, the transfer of *Quarterman* would not benefit the parties or the judiciary. Nor would such a transfer promote judicial economy – one of the purposes for which 28 U.S.C. § 1407(a) was enacted. Those

actions recently transferred to the Northern District of Illinois focus on plaintiffs who entered or sought to enter mortgage loan transactions with Ameriquest. The transferred cases each allege violations of federal law that occurred either during the application process or shortly thereafter. None of the discovery involved in the transferred line of cases will be relevant to the *Quarterman* action, which focuses on Ameriquest's "permissible purpose" violations. If the consolidation of *Quarterman* is premised upon an intent to reduce discovery-related expenditures, and to conserve judicial resources, this goal will not be achieved by such a transfer. Mr. Quarterman's "permissible purpose" case will require its own unique discovery, and pretrial motion work, which will be irrelevant to those cases brought by Ameriquest borrowers. In light of these factors, the *Quarterman* action should not be transferred from the Central District of California to the Northern District of Illinois.

The actions that have been transferred to the Northern District of Illinois for consolidated or coordinated pretrial proceedings share common questions of fact. In each of the transferred actions, the plaintiffs were borrowers who entered into or sought to enter into mortgage loan transactions with Ameriquest. These actions are premised upon Ameriquest's misconduct as a lender and allege Equal Credit Opportunity Act ("ECOA")and FCRA adverse action notice violations and Truth-in-Lending Act ("TILA") disclosure violations. In *Quarterman*, neither Mr. Quarterman nor the class he seeks to represent, initiated or entered into a loan transaction, or any other type of transaction with Ameriquest. Plaintiff is not a customer of Ameriquest, nor did he ever apply to Ameriquest for a loan. Unlike the plaintiffs in the recently transferred actions, Plaintiff is alleging that Ameriquest had no legal reason to access his consumer report information. He is not alleging violations of the ECOA or FCRA adverse action notice violations or TILA disclosure violations; all of which arise from the loan application process.

There are only two issues in *Quarterman* – neither of which is common to the recently transferred cases. Mr. Quarterman and the members of the class alleged that Ameriquest violated FCRA § 1681b and § 1681m(d) through its use of their consumer reports for impermissible solicitation purposes. As a result, the commonality required for transfer and consolidation is lacking. *Quarterman* should remain before the United States District Court for the Central District of California, Southern Division.

*Burggraff v. Ameriquest Mortgage Company*[1] exemplifies when it is appropriate to transfer and consolidate actions. Mr. Burggraff filed a class action in the Central District of California against Ameriquest for violations of the ECOA, TILA, and FCRA that occurred during his application for a mortgage loan from Ameriquest. Subsequent to Mr. Burggraff's filing, plaintiffs Williams and Naughton, who had initially filed a similar action against Ameriquest in the Southern District of New York, moved to transfer and consolidate Mr. Burggraff's action with their own.[2] Mr. Burggraff eventually conceded that the proposed transfer and consolidation was appropriate because the questions of fact in his case were consistent with the questions of fact in other cases pending against Ameriquest. Additionally, Mr. Burggraff acknowledged that transferring and consolidating his case would further the goal of "judicial efficiency" emphasized in 28 U.S.C. § 1407(a).

The discovery relevant to issues arising during the application and closing process, together with the pre-trial motion practice relevant to all plaintiffs suing Ameriquest for ECOA, FCRA and TILA violations are substantially similar. As all plaintiffs would require access to these same persons and documents, it was most efficient for the parties to transfer and consolidate such similar actions. As the pretrial motion practice relevant to these claims and facts will likely overlap substantially, it will foster judicial economies of time and effort to transfer and consolidate cases such as *Burgraff*. However, the questions of fact and law at issue in *Quarterman* do not resemble those in the actions already transferred to the Northern District of Illinois. Unlike the plaintiffs in the recently transferred and consolidated cases, Mr. Quarterman and the members of the class he seeks to represent did not enter or seek to enter any transactions with Ameriquest. Mr. Quarterman and the members of the class were never customers of Ameriquest, whereas the plaintiffs in *Burggraff* and the other recently transferred cases were applicants and customers of Ameriquest. As

---

[1] The *Burggraff* action is captioned: *Burggraff v. Ameriquest Capital Corp. and Ameriquest Mortgage Co.*, Case No. 2:04-cv-09715-MMM-Mc, United States District Court, Central District of California, Southern Division.

[2] The *Williams and Naughton* action is captioned: *Williams and Naughton v. Ameriquest Mortgage Co.*, Case No. 05-cv-6189, United States District Court, Southern District of New York.

discussed above, while there were efficiencies to be gained by transferring Mr. Burggraff's case and those similarly situated, no such efficiencies will result from transferring the *Quarterman* action.

The holding in *In re Truck Acc. Near Alamagordo, New Mexico, On June 18, 1969*, 387 F. Supp. 732, 733 (J.P.M.L. 1969) states that a "mere showing that common questions of fact exist amongst actions for which treatment under this section is proposed is not sufficient, in and of itself, to warrant transfer by Judicial Panel." Upon consideration of this Panel statement, it is evident that transferring and consolidating the action filed by Mr. Quarterman and the members of the class is improper, as *Quarterman* does not even share the "common questions of fact" that the Panel states are an insufficient basis for transfer and consolidation.

### III.   Conclusion

Given the lack of similarities of facts, claims, legal theories, and discovery needed amongst the *Quarterman* action and those previously transferred, there is no valid basis for transferring *Quarterman* from the Central District of California to the Northern District of Illinois. Under 28 U.S.C. § 1407(a), the transferring of actions is appropriate 1) when civil actions in different districts share common questions of fact; and 2) when it is in the best interest of the parties and the judicial system. Neither consideration supports transferring and consolidating the action filed by Mr. Quarterman and the members of the class he seeks to represent. The only commonality among Mr. Quarterman's case and those actions already transferred to the Northern District of Illinois is the fact that Ameriquest is the defendant in each. The mere sharing of a common party – without any additional factual or legal overlap – does not justify the transferring of civil actions for consolidated or coordinated pretrial proceedings, as provided by 28 U.S.C. § 1407(a). Therefore, Mr. Quarterman requests that the Panel vacate its Conditional Transfer Order transfering his case to the Northern District of Illinois, but rather permit the action to proceed before the United Stated District Court for the Central District of California, Southern Division, where it was initially filed. Should the Panel decide not to vacate its Conditional Transfer Order, Mr. Quarterman asks that the Panel create two separate tracks of cases. The first track would focus on those cases filed by borrowers and applicants alleging problems arising from their relationship with Ameriquest. The second track would focus

on the series of cases addressing Ameriquest's illegal use of people's private consumer report information.

Dated: March 24th, 2006

Respectfully submitted,

JAMES, HOYER, NEWCOMER, & SMILJANICH, P.A.

Terry A. Smiljanich
Florida Bar No. 145359
Kathleen Clark Knight
Florida Bar No. 0047120
One Urban Centre, Suite 550
4830 W. Kennedy Blvd.
Tampa, Florida 33609
Telephone: (813) 286-4100

Facsimile: (813) 286-4174

POST, KIRBY, NOONAN & SWEAT, LLP

Jonathan A. Boynton
Sara Brite Evans
One America Plaza
600 West Broadway, Suite 1100
San Diego, California 92101-3387
Telephone: (619) 231-8666

Facsimile: (619) 231-9593

DOUGLAS BOWDOIN, P.A.
Douglas Bowdoin
255 South Orange Avenue, Suite 800
Orlando, Florida 32801
Telephone: (407) 422-0025
Facsimile: (407) 843-2448

LAW OFFICES OF. CRAIG BOURNE
J. Craig Bourne
1520 East Livingston Street
Orlando, Florida 32803
Telephone: (407) 894-6750
Facsimile: (407) 894-4735

THE TIEN LAW GROUP, P.L.L.C.
Laurence G. Tien
Kamran Mashayekh
2201 Timberloch, Suite 110
The Woodlands, TX 77380
Telephone: (281) 444-0604
Facsimile:  (281) 440-0124

DARBY, PEELE, BOWDOIN & PAYNE
W. Roderick Bowdoin
P.O. Drawer 1707
Lake City, Florida 32056
Telephone: (386) 752-4120
Facsimile: (386) 755-4569

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 2 7 2006

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Plaintiff's Opposition to the Judicial Panel on Multidistrict Litigations Conditional Transfer of Ameriquest Mortgage Lending Practices Litigation for Coordinated or Consolidated Pretrial Proceedings Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation has been served via FedEx and all parties on the attached Panel Service List, and defense counsel below by U.S. Mail this 24th day of March, 2006.

BUCHALTER NEMER

A Professional Corporation

Michael J. Cereseto

Rachael H. Berman

David S. Reidy

Kalley Rae Aman

Adam J. Bass

Bernard E. LeSage

1000 Wilshire Boulevard, Suite 1500

Los Angeles, California 90017-2457

**Attorneys for Defendant, and:**

Clerk of the Court

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

411 West Fourth Street, Room 1053

Santa Ana, California 92701-4516

*Quarterman, et al. v. Ameriquest Capital Corp. and Ameriquest Mortgage Co.,*

Case No. CV05-1426 CAS (Rcx)

this 2th day of March 2006.

Terry A. Smiljanich

Case MDL No. 1715   Document 48   Filed 03/27/06   Page 10 of 10

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 27 2006

FILED
CLERK'S OFFICE

PANEL SERVICE LIST (Excerpted from CTO-1)
DOCKET NO. 1715
IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION

*Raymond Quarterman, Jr. v. Ameriquest Capital Corp., et al.*, C.D. California, C.A. No. 2:05-1426  (Judge Margaret M. Morrow)

Douglas Clark Bowdoin
Douglas Bowdoin, P.A.
255 South Orange Avenue
Suite 800
P.O. Box 2254
Orlando, FL 32802-2254

Jonathan A. Boynton
Post, Kirby, Noonan & Sweat
American Plaza, 11th Floor
600 West Broadway
San Diego, CA 92101

Michael J. Ceresto
Buchalter, Nemer, Fields & Younger
1000 Wilshire Blvd.
15th Floor
Los Angeles, CA 90017

Kathleen Clark Knight
James Hoyer Newcomer & Smiljanich
1 Urban Centre
4830 West Kennedy Blvd.
Suite 550
Tampa, FL 33609

Terry A. Smiljanich
James, Hoyer, Newcomer, & Smiljanich, P.A.
One Urban Centre, Suite 550
4830 West Kennedy Boulevard
Tampa, FL 33609-2517

Kelly M. Dermody
Lieff, Cabraser, Heimann & Bernstein, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111

Gary E. Klein
Roddy Klein & Ryan
727 Altantic Avenue
2nd Floor
Boston, MA 02111

Bernard E. LeSage
Buchalter, Nemer, Fields & Younger
1000 Wilshire Blvd.
15th Floor
Los Angeles, CA 90017

Aaron Myers
Fenwick & West, LLP
801 California Street
Mountain View, CA 94041